Rodney W. LODGE, et al.,
Plaintiffs, Appellants,

v.

SHELL OIL COMPANY, et al.,
Defendants, Appellees.

No. 84–1001.

United States Court of Appeals,
First Circuit.

Argued April 4, 1984.
Decided Sept. 27, 1984.

Francis M. Jackson, Westbrook, Me., with whom Jackson & Pallas, Westbrook, Me., Robert E. Mittel and Mittel & Hefferan, Portland, Me., were on brief, for plaintiffs, appellants.

L. Chris Butler, Portland, Me., with whom Jeffrey M. White and Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., were on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and HUNTER,* Senior District Judge.

ELMO B. HUNTER, Senior District Judge.

Appellants, Mr. Rodney Lodge and his second wife, Jeanette Lodge, brought suit in the district court against Shell Oil Company, several of Shell's Retirement Plans and several officers of the corporation and Plans, hereinafter sometimes referred to collectively as Shell, alleging breach of contract, violation of right to privacy, age discrimination and breaches of several fiduciary duties. Appellants appeal the entry of summary judgment on the right to privacy and promissory estoppel counts, the judgment rendered pursuant to an adverse jury verdict and the failure of the trial court to award them attorney's fees. We affirm.

In February, 1980, a divorce decree was entered by a Maine district court dissolving the marriage of Rodney Lodge and his first wife, Joan Lodge. The divorce decree referred to exhibits that detailed the joint debts and joint property of the parties of that case. The court also noted there was documentation of Mr. Lodge's income and retirement benefits. The decree then provided for the payment of the joint debts and divided the property. The decree in-

* Of the Western District of Missouri, sitting by designation.

cluded the following statement concerning the retirement benefits:

No division of plaintiff's [Joan Lodge's] retirement benefits are made at this time as such benefits are subject to many contingencies. It is noted that [Rodney Lodge] is 46 years old and may well continue on his present employment until age 65.

Mr. Lodge remarried on November 27, 1980. Mr. Lodge and his new wife both made plans to resign from their jobs and to begin a small business in Maine. Part of the funding for this new business was to come from Shell retirement benefits.

Mr. Lodge resigned in mid-January, 1981. A week after the effective date of the resignation, an agent of the several retirement funds sent Mr. Lodge a letter notifying him that the divorce judgment could cause a problem with the distribution of benefits and seeking clarification of his ex-wife's right to the benefits. The letter was accompanied by an assignment form for Mr. Lodge's ex-wife to sign releasing any claim to the benefits. The evidence was that sending such a letter and form was routine practice for the funds. Mr. Lodge failed to help Shell determine his ex-wife's interest. Approximately two weeks later Shell sent a letter to Mr. Lodge's attorney asking for some assurance that Mr. Lodge's ex-wife had no right to any part of the benefits. The letter stated that the appellees were concerned that the divorce court might have continuing jurisdiction over the marital property of the parties and could order a division of the property after judgment. The letter requested a prompt reply because "Mr. Lodge [was] anxious to have distribution of his entire account." A copy of the letter was sent to Mr. Lloyd LaFountain, the attorney who represented Joan Lodge in her divorce. He responded by making a claim on the retirement benefits in writing "in accordance with a divorce decree dated January 8, 1980 ....," and by reopening the state court divorce proceedings.

When Mr. Lodge filed this lawsuit against Shell for breach of various fiduci-

ary duties, the appellees responded by interpleading the cash portion of the retirement benefits and requesting a declaratory judgment as to the ownership of the shares of stock.

During the pendency of this suit, on February 2, 1982, the state court amended the divorce judgment to award Joan Lodge one-half of the retirement benefits that had accrued as of the date of the divorce. Following the amended divorce order, also on February 2, Joan Lodge's attorney wrote appellees' attorney, authorizing release of all benefits to Mr. Lodge's attorney. A stipulation by Mr. Lodge and Joan Lodge was entered into the record to the effect that Joan Lodge had withdrawn her claim to any of the retirement benefits and that all funds on deposit with the court could be withdrawn. Appellees opposed the payment of any benefits "until such time as the question of attorney's fees for the interpleader ... [was] resolved." After a hearing on appellants' motion for summary judgment, a United States Magistrate determined that appellees' counterclaims were moot and that the money paid into court should be paid over to Mr. Lodge. The Magistrate's order of June 15, 1982, failed to address the release of stock held by the appellees. Appellants moved on July 9, 1982, for a supplemental order releasing the stock, and renewed the motion on September 28, 1982. On October 8, 1982, following a conference, a consent order was entered by the district judge ordering appellees to issue 549 shares of stock and a cash settlement for a 0.67 fractional share to Joan Lodge and 1.738 shares and a cash settlement for a 0.33 fractional share to appellant. Appellees finally transferred the stock to Mr. Lodge on November 17, 1982.

Although the counterclaims had been disposed of, the action for damages remained. On cross-motions for summary judgment the trial judge granted summary judgment for defendants on counts two (promissory estoppel) and three (invasion of privacy) of plaintiffs' complaint. The remaining counts alleging age discrimination and

breach of fiduciary duties were tried to a jury. Following a verdict for Shell on both counts the trial judge declined to grant plaintiffs' motion for judgment N.O.V. or new trial. Following trial, both sides submitted motions for an award of attorney's fees. Fees for the time spent by appellees in filing their counterclaims to determine ownership of the benefits were granted. No fees were awarded to appellants.

■ Appellants' claim that the jury's finding that appellees did not breach statutory and common law fiduciary duties in their failure promptly to pay benefits to Mr. Lodge is unsupported by the evidence. Appellants argue that since Joan Lodge had not filed suit, attached, garnished, or otherwise claimed to own the benefits in question, appellees had an obligation of loyalty solely to Mr. Lodge and should not have required clarification of Joan Lodge's interest in the benefits before payment. Although payments were delayed, the jury found that Shell acted with the care, skill, prudence and diligence under the circumstances that a prudent man acting in a like capacity and familiar with such matters would use as is required of fiduciaries under 29 U.S.C. § 1104(a)(1)(B). Uncontroverted evidence showed that, although no precise division of benefits had been made, a state court order had referred to at least some of the benefits as belonging to Joan Lodge. The appellees had notice of the order. We need not determine whether the state court order gave Joan Lodge an ownership interest in a portion of the benefits. We find only that, under the stated evidence, a jury could reasonably find that Shell acted in a prudent manner in refusing to pay out benefits until questions of ownership were resolved.

■ Appellants complain that the trial court refused to give five of their requested instructions. A review of the requested instructions reveals that each was without evidentiary support, misleading, legally inaccurate and incomplete, or each was substantially covered by other instructions given to the jury by the trial court. The trial court did not commit error by refusing to give them. *Harrington v. United States,* 504 F.2d 1306, 1317 (1st Cir.1974).

Appellants next contend that the trial court's grant of summary judgment on counts two and three was improper. Summary judgment should be entered only when the record reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Count two (titled "Estoppel") alleged that appellants had relied on the course of conduct of the appellees to determine when and how the benefits would be paid, and that the appellants would not have resigned their jobs when they did had they realized payment would be delayed. The claim stated that, although defendants had notice of Mr. Lodge's divorce since June, 1980, they had never indicated to Mr. Lodge that there would be any problem in getting the benefits paid promptly to him. Appellants alleged that the fact that Mr. Lodge was allowed to withdraw some funds from one of the plans after Shell had notice of the divorce but before retirement further led them to believe there would be no problem in receiving prompt payment of all the benefits after retirement.

■ In general, promissory estoppel arises when a person makes a promise which he should reasonably expect to induce action or forbearance on the part of another and which does induce such action or forbearance to the detriment of the other person. The promise is binding notwithstanding the lack of consideration for it. The remedy granted for breach, however, may be limited as justice requires. Restatement (Second) of Contracts § 90(1.)

Although the underlying foundations of estoppel in general, concepts of fundamental fairness and elevation of legitimate expectations over strict rules of law, seem particularly inapplicable in a case in which an individual is complaining that a pension fund did not immediately pay him funds to which he knew someone else had a claim, we will proceed under appellants' assumption that, in the event a case were made,

justice would require at least some payment for damages.

■ Appellants' claim concerning count two must fail for two reasons. First, as found by the district judge, as a matter of law, the alleged silence and conduct on the part of appellants was not such as could reasonably be expected by appellees to induce appellants to resign their jobs at any particular time. Second, even if appellants could prove they, in fact, relied on the silence and action of appellees, such reliance, as a matter of law, was not justified or reasonable under the undisputed facts. The reliance necessary to give rise to promissory estoppel must be reasonable. *Id.* at comment b.

■ The grant of summary judgment on count three, invasion of privacy through publication of private facts, was also proper. While, for purposes of disposition of this case, we need not define the exact parameters of this tort, we note that at least two limitations apply. The disclosure generally must be public and the matter made public must be one which would be offensive and objectionable to a reasonable man of ordinary sensibilities. W. Prosser & W. Keeton, *The Law of Torts* 856–57 (5th ed. 1984).

The letter from Shell to Joan Lodge's attorney disclosed no fact about Mr. Lodge that Joan Lodge did not already know, except that he was retired and was anxious to have his benefits paid. The letter states that there was a divorce between Joan Lodge and Mr. Lodge, that Mr. Lodge recently terminated employment with Shell (which fact according to Mr. Lodge's affidavit in support of motion for summary judgment was conveyed to persons living with Joan Lodge and was not a matter he would make any attempt to conceal), that a prompt reply was requested as Mr. Lodge was anxious to have the benefits distributed, and that Shell was concerned about making distribution of the account before having definite assurance that Joan Lodge had no claim or right to any part of the proceeds. These statements have nothing to do with "private facts" about Mr. Lodge

that would be objectionable to a reasonable man of ordinary sensibilities. In their brief, appellants urge us to view the conduct of Mr. Lodge as reprehensible, "as an attempt to conceal his resignation from his former spouse [and] a 'plan to keep Joan Lodge in the dark and recover all the retirement benefits for himself....'" The letter to Joan Lodge's attorney mentioned none of these allegations nor did it even allude to them. In short, the communication was private, not public. It conveyed no facts about Mr. Lodge that Mr. Lodge wanted to keep from Joan Lodge. It conveyed no facts about Mr. Lodge that would offend a reasonable man of ordinary sensibilities. The claim was patently without merit and was properly disposed of by summary judgment.

■ Appellants next assert that the trial court erred in admitting into evidence the October 8, 1982, consent order. Appellants challenge the relevance of the order to a material issue in the case. One of appellants' claims was that the appellees breached their fiduciary duties by not making payment to them after Joan Lodge stipulated she would withdraw her claim. Appellees' argument was that they acted swiftly to distribute the funds once a judge decided to whom the benefits should be paid. The trial judge emphasized it was admitted merely to show that an order was entered on a certain date, and that the contents of the order had no effect on the issues at trial. The evidence was relevant to a material issue and as limited by the Court was properly admitted.

■ Finally, appellants argue that they are entitled to attorney's fees because they prevailed on a significant issue in an ERISA claim. 29 U.S.C. § 1132(g) provides: "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The award of attorney's fees under this section is discretionary. *Fase v. Seafarers Welfare and Pension Plan,* 589 F.2d 112, 116 (2d Cir.1978). The appellants did not in any way obtain

relief under the statute. The fact that appellants failed to prevail on the merits of their claims although perhaps not determinative is sufficient support for the court's exercise of its discretion not to award them attorney's fees. *Id.* Appellants claim they prevailed in that they obtained an order to pay the funds previously paid into court to them. There was never a question of whether Mr. Lodge should receive pension benefits. The question raised by Shell involved the effect Joan Lodge's rights would have on the dispersal of the funds. The fact that all of the interpleaded funds were paid to Mr. Lodge was a result of Joan Lodge's stipulation that she would withdraw her claim notwithstanding a state court order entitling her to one half of the benefits as of the date of the divorce.

We have carefully reviewed the remaining points raised by appellants and find them to be without merit.

The judgment of the district court is affirmed with double costs to be assessed in favor of appellees against appellants.