**Janny KERKHOF, Plaintiff,**

v.

**MCI WORLDCOM, INC., Defendant.**

**No. Civ. 99–118–P–H.**

United States District Court,
D. Maine.

June 13, 2002.

Robert C. Brooks, Verrill & Dana, Portland, ME, for Janny Kerkhof, plaintiff.

Margaret C. Lepage, James R. Erwin, Ella L. Brown, Pierce, Atwood, Portland, ME, for MCI WorldCom, Inc., defendant.

### ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEY FEES

HORNBY, Chief Judge.

Under the American rule, litigants generally pay their own attorney fees, win,

lose or draw, unless a statute provides otherwise. *Gay Officers Action League v. Puerto Rico,* 247 F.3d 288, 293 (1st Cir. 2001). For ERISA lawsuits, there is a statute; it provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1) (2002). Should attorney fees be awarded under this statute to a party who does not win on the merits but achieves some economic benefit during the litigation? I conclude that they should not.

Here on summary judgment in the trial court, the plaintiff Kerkhof won her ERISA claim for accelerated vesting of stock benefits under the ShareWorks Grant Plan of her former employer, MCI WorldCom. During the appeal, MCI WorldCom decided that Kerkhof was entitled to the shares under a separate provision of the Plan not argued by Kerkhof, and proceeded to release the shares to her. The parties agreed that the issue thereby became moot, and MCI WorldCom then persuaded the Court of Appeals for the First Circuit to vacate the trial court's summary judgment on this issue, the court of appeals observing that the legal issue the trial court ruled upon was "complicated." *Kerkhof v. MCI Worldcom, Inc.,* 282 F.3d 44, 53–54 (1st Cir.2002).

So Kerkhof obtained her stock, but no longer has a judgment in the lawsuit on this issue. To complicate the matter, the United States Supreme Court ruled just last year that statutes providing for fee awards to "prevailing parties" require that the party actually obtain an ultimately favorable judgment or consent decree, thereby rejecting the so-called catalyst basis for awarding fees. *Buckhannon Board and Care Home v. West Virginia Dep't of Health and Human Resources,* 532 U.S. 598, 610, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). The ERISA attorney fee statute at issue here does not use the term "prevailing party," but the First Circuit seems to have incorporated that requirement as a precondition to recovery: "Congress declared that, in any ERISA claim advanced by a 'participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee' to the prevailing party." *Cottrill v. Sparrow, Johnson & Ursillo, Inc.,* 100 F.3d 220, 225 (1st Cir. 1996) (citation omitted). *Accord Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 89 n. 14, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982); *Noorily v. Thomas & Betts Corp.,* 188 F.3d 153, 162 (3d Cir.1999); *Martin v. Blue Cross and Blue Shield of Virginia, Inc.,* 115 F.3d 1201, 1210 (4th Cir.1997); *Davis v. Chicago Municipal Employees Credit Union,* 891 F.2d 182, 184 (7th Cir.1989); *Chambers v. Family Health Plan Corp.,* 100 F.3d 818, 827–28 (10th Cir.1996). *But see Miller v. United Welfare Fund,* 72 F.3d 1066, 1074 (2d Cir.1995); *Gibbs v. Gibbs,* 210 F.3d 491, 503 (5th Cir.2000); *Freeman v. Continental Ins. Co.,* 996 F.2d 1116, 1119 (11th Cir.1993); *but cf. DeVoll v. Burdick Painting, Inc.,* 35 F.3d 408, 414 (9th Cir.1994). Arguably, the First Circuit has sometimes also been slightly more circumspect on the issue, saying on one occasion that such fees "normally" go to the prevailing party, *Doe v. Travelers Ins. Co.,* 167 F.3d 53, 61 (1st Cir.1999), and, on another occasion, that failing to prevail on the merits is "sufficient support," though "perhaps not determinative," for a discretionary decision to refuse an award. *Lodge v. Shell Oil Co.,* 747 F.2d 16, 21 (1st Cir.1984).

I do not decide whether *Buckhannon* is now binding authority for interpreting the ERISA attorney fee provision. Instead, I conclude in line with previous First Circuit caselaw that Kerkhof shall not receive an award under the discretionary authority of section 1132(g)(1). *Cottrill,* 100 F.3d at 225 (articulating a five factor test to guide

the district court's exercise of discretion). Of the five factors—

> (1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, i.e., his or her capacity to pay an award; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions.

*Cottrill,* 100 F.3d at 225—only the second weighs (or used to weigh) in Kerkhof's favor. Kerkhof did not obtain her shares on any basis her lawyers won or even argued in the trial court. The court of appeals found "no reason to doubt" MCI WorldCom's good faith in awarding the shares during the appeal on a basis not previously argued. *Kerkhof,* 282 F.3d at 54. Indeed, the First Circuit carefully considered whether to vacate the trial court ruling and stated:

> Certainly the issue mooted in this case—whether the tax status of the Share-Works Grant Plan requires a specific reading of its terms adverse to World-Com—is complicated. Vacating the judgment on this issue fairly preserves both sides' chance to litigate the issue in an appeals court in the future.

*Id.* Under these circumstances, where Kerkhof has not won on the litigated issue but achieved only a draw, I conclude that it would be inappropriate to award her attorney fees. Her lawsuit has afforded no significant benefit or deterrent to others. She has obtained her own stock, and perhaps MCI WorldCom would not have come to interpret the Plan the way it did were it not under the pressure of litigation, but I cannot be sure of that (the Plan language on this point seems fairly straightforward). I conclude that Kerkhof must be content with the stock, without the attorney fees.

So Ordered.