### SAINT JOSEPH'S HOSPITAL OF MARSHFIELD, INC.,
Plaintiff,

v.

The CARL KLEMM, INC. and Klemm Tank Lines Employee Benefit Plan, Defendants and Third–Party Plaintiffs,

v.

Benistar–National Benefit Administrators, Inc., Third–Party Defendant.

No. 05–C–0663–S.

United States District Court, W.D. Wisconsin.

May 3, 2006.

David L. Lasee, Liebmann, Conway, Olejniczak & Jerry, Green Bay, WI, for Defendants and Third–Party Plaintiffs.

Bruce R. Bachhuber, Hanaway Ross, S.C., Green Bay, WI, for Third–Party Defendant.

## MEMORANDUM AND ORDER

JOHN C. SHABAZ, District Judge.

Plaintiff Saint Joseph's Hospital of Marshfield, Inc. commenced this action against defendants The Carl Klemm, Inc. and Klemm Tank Lines Employee Benefit Plan alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1001 et seq. Defendants subsequently filed a third-party complaint against their claims processor Benistar-National Benefit Administrators, Inc. Plaintiff seeks benefits for medical expenses allegedly due under defendants' employee benefit plan. Alternatively, plaintiff seeks remand to the plan administrator for further review of its claim. Additionally, plaintiff seeks an award of its attorneys' fees. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). The matter is presently before the Court on plaintiff's motion for summary judgment. The following facts are either undisputed or those most favorable to defendants.

## BACKGROUND

Plaintiff Saint Joseph's Hospital of Marshfield, Inc. (hereinafter Saint Joseph's) is a non-profit corporation engaged in the business of providing health care services. Defendant The Carl Klemm Inc. d/b/a Klemm Tank Lines Employee Benefit Plan (hereinafter the plan) is a self-funded group health plan governed by ERISA, 29 U.S.C. § 1001 et seq. Third-party defendant Benistar-National Benefit Administrators, Inc. (hereinafter Benistar) administered the plan by serving as its claims processor.

On January 12, 2003 Ruth Schoelzel arrived at Saint Joseph's for medical care and treatment. She was admitted on an in-patient basis and she remained a patient of Saint Joseph's until February 3, 2003. Ronald Schoelzel was a plan participant and Ruth Schoelzel's husband. At all times relevant to this action Mr. Schoelzel was a covered employee entitled to plan benefits. Accordingly, pursuant to the terms of the plan Ruth Schoelzel was classified as an eligible dependent entitled to receive benefits. To provide for his wife's medical services Mr. Schoelzel assigned his plan benefits to Saint Joseph's. Accordingly, on or about September 25, 2003 the plan received Saint Joseph's claim for benefits in the amount of $156,636.74 for Mrs. Schoelzel's medical treatment.

The plan through its claims processor Benistar responded to Saint Joseph's claim for benefits by letter on November 17, 2003. The letter stated in relevant part as follows:

> This letter responds to your claim for benefits under the group health plan named above. You submitted a claim for payment in the amount of $156,636.74. We have determined that this is a post-service claim. Under ERISA, the federal law that governs this plan, the plan administrator is re-quired to administer the plan in accordance with its written provisions and terms, as interpreted by the plan administrator. We have carefully considered the information provided and applied the terms of the Plan that apply to your request. For the reasons set out below, we have determined that certain charges are not payable by the Plan, and accordingly, some must be denied or partially denied.
>
> ... **Specific Reason for Denial**
>
> A comprehensive bill review has been performed on this claim. The attached spreadsheet of the review details with particularity the charges that are being denied or partially denied due to apparent billing errors or overcharges exceeding this ERISA Plan's reasonable and customary guidelines.
>
> ... **Right to Appeal**
>
> 1. You may appeal this partial benefit denial to the named fiduciary under Klemm Tank Lines Health Plan, by filing a request for review under the procedure described below.
>
> 2. You must file your request for review within 180 days of the date you receive this Notice of Benefit Denial.
>
> 3. If you decide to appeal, you should submit by hand, or by first-class mail, to the undersigned administrator for the plan any documentation (from the above list of "Additional Materials or Information Necessary to Perfect Your Claim") that directly and specifically relates to any denied or partially denied charge covered by this benefit denial.
>
> 4. Because this is a denial and/or partial denial of certain specified charges, you need not submit documents validating medical necessity. You should instead *submit the specific documentation related to the*

*actual delivery (in the case of Reason Code A) and/or cost of each denied and/or partially denied charge you wish to appeal.*

### Plan Review Procedures

When you file an appeal, as described above, Klemm Tank Lines Health Plan will provide a full and fair review of this benefit denial under the following procedures.

1. The review will take into account all comments, documents, records and other information submitted that relates to the denied or partially denied charges set forth in the spreadsheet review....The review on appeal will be a "fresh" look at your claim without deference to this initial benefit denial. It will be conducted by a person who was not involved in this initial benefit denial, and who is not a subordinate of the individual involved in this initial benefit denial.

### ... Decision on Submitted Appeal

The Plan will notify you of the decision on your appeal within a reasonable time, but not later than 60 days after the Plan receives your documentation for review. If a longer time is required, you will be notified in writing.

You have the right to bring a civil action under ERISA § 502(a) if you file an appeal and it is denied following review.

*Please carefully review the information contained in this letter. If you decide to appeal this denial by requesting a review, your appeal and any additional information or documentation must be received by the Plan Administrator by the prescribed deadline. Failure to file a timely appeal may bar you from any further review of this benefit denial under these procedures or in a court of law.*

Additionally, in its November 17, 2003 letter Benistar provided Saint Joseph's with the full text of provisions contained within the summary plan description on which it based its denial. Further, Benistar indicated what material Saint Joseph's needed to furnish to perfect its claim for benefits.

Saint Joseph's appealed the plan's initial adverse benefit determination by letter dated January 21, 2004. However, Saint Joseph's January 21, 2004 letter is not part of the record before the Court. On or about March 9, 2004 Saint Joseph's received an undated letter from Benistar entitled Klemm Tank Lines Health Plan Notice of Decision on Appeal which stated in relevant part as follows:

This letter responds to your appeal of the adverse benefit determination (i.e. benefit denial) that was made on 10/22/2003 with respect to benefits requested under the plan named above. The Klemm Tank Lines Health Plan ("KTLHP") received your appeal on 1/21/2004. You requested plan coverage of all charges as billed ($156,636.74), and we determined that this was a post-service claim. As stated in the Notice of Benefit Denial, under ERISA, the federal law that governs this plan, the plan administrator is required to administer the plan in accordance with its written provisions and terms, as interpreted by the plan administrator. We carefully considered all of the comments, documents, records and other information provided and applied the terms of the plan that apply to your appeal. The determinations we have made and the reasons for them are set out below.

### ... Findings upon Review and Determination of Adjustments

Please refer to the enclosed review spreadsheet. The initial review document has been revised to reflect the adjustments made to the allowable

charges following the examination and consideration of materials submitted by St. Joseph's. The following notes are provided to explain the changes made to the review:

1. **Nursing Incremental Charges**— While we recognize that nursing services should be a valid charge, industry standard shows that they are not mainstream valid charges....

2. **Pharmacy and other drug charges**—... We unbundled this charge because the mixing of the TPN is part of the medication charge already listed on the bill. We searched for a CPT code that allowed for this procedure and did not find one.

...4. **Supplies**—... We unbundled a charge for a Hemashield but we have corrected its identification as a separate item on the surgical report. However we still had to adjust its cost.

5. **Lab Services**—There were 2 procedures that we unbundled. The hospital provided CPT codes which clarified the type of procedure and we allowed the charges without adjustment. However we unbundled the "Venipuncture" charge as that is our protocol and the industry standard for inpatient facilities.

6. **Respiratory Services**—we unbundled several charges because they appear to be part of other respiratory services already listed.

...7. **Emergency Room**—we unbundled 2 items for this category for the same reason as the IV Therapy. We also noted that the CPT code provided for "ED Catherization Urinary" is not the right code. Code 51010 deals with a suprapubic catherization which is not noted in the ER records.

... *Please carefully review the information contained in this letter, in particular the information concerning adjustments to this claim for benefits.*

*If after reading the notes provided with the revised review, you determine that additional documentation and/or explanation of the reduced charges would be warranted, all such additional information must be received by the undersigned by April 19, 2004 which marks the end of the administrative remedy period. In accordance with the discretionary authority of the Plan's fiduciaries and applicable law, the administrative record will be closed on this date and will not be reopened for current or future consideration.*

Saint Joseph's responded to Benistar's Notice of Decision on Appeal by letter dated April 15, 2004. Additionally, Saint Joseph's submitted a second packet of documentation for review. However, neither Saint Joseph's April 15, 2004 letter nor its second packet of documentation is part of the record before the Court.

On May 15, 2004 the plan again through Benistar responded to Saint Joseph's April 15, 2004 letter in relevant part as follows:

In response to your letter dated April 15, 2004 and received on April 20, 2004, [Benistar], with full authority of the Klemm Tank Lines Health Plan ("KTLHP" or "Plan") declares the administrative record for the captioned claim closed on April 19, 2004.

Following its initial submission of information in your letter dated January 21, 2004, St. Joseph's Hospital ("St. Joseph's") submitted a second packet of documents in your letter dated April 15, 2004. This second packet of information will be examined to determine whether additional funding is justified. You will be notified of any additional adjustments following our review of the information, but not later than 60 days from the date received. Notwithstanding the review of the latest documentation, it is the

position of KTLHP that this claim for benefits was paid correctly and in full. Correspondence between Saint Joseph's and the plan continued through March 3, 2005 at which time the plan denied Saint Joseph's request to reopen the administrative record. As a result, on November 14, 2005 Saint Joseph's filed its complaint with this Court.

## MEMORANDUM

Plaintiff alleges the plan failed to provide for a first-level review performed by an appropriate named fiduciary who was neither the individual that made the initial adverse benefit determination nor a subordinate of the individual who made said determination. Additionally, plaintiff alleges the plan miscalculated the closing date of its appeal period. Plaintiff asserts it should have closed on May 12, 2004 rather than April 19, 2004. Further, plaintiff alleges the plan's Notice of Decision on Appeal failed to advise that it could submit a written request for a second and final appeal of its adverse benefit determination. Accordingly, plaintiff argues the plan failed to substantially comply with ERISA requirements which entitles it to summary judgment and an award of the outstanding amount of its claim for benefits. Alternatively, plaintiff argues it is entitled to submit a second level appeal with the plan administrator. Finally, plaintiff argues it is entitled to attorneys' fees because the plan failed to provide any explanation for its violation of both federal law and its own plan documents.

The plan (hereinafter defendant)[1] asserts that both its November 17, 2003 letter and its Notice of Decision on Appeal letter substantially complied with ERISA requirements because they both repre-sented a detailed and accurate account of defendant's determination regarding plaintiff's claim for benefits. Accordingly, defendant asserts said letters contained all information necessary to provide plaintiff with an opportunity for full and fair review which is what ERISA requires. Additionally, defendant asserts any potentially shortened administrative review closing date had no effect on plaintiff's claim for benefits because plaintiff failed to demonstrate that it would have submitted any additional documentation other than what was submitted on April 15, 2004. Accordingly, defendant argues plaintiff's motion for summary judgment should be denied. However, defendant argues that if plaintiff's motion for summary judgment is granted, remand to the administrator rather than an award of benefits is the appropriate remedy because any error defendant may have committed was simply procedural in nature. Finally, defendant argues an award of attorneys' fees is not appropriate because there has been no showing that it acted in bad faith while handling plaintiff's claim for benefits.

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material only if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Disputes over unnecessary or irrelevant facts will not preclude summary judgment. *Id.* Further, a factual issue is genuine only if the evidence is such

---

1. It appears from the record that The Carl Klemm, Inc. and Klemm Tank Lines Employee Benefit Plan while captioned as two sepa-rate defendants should be treated as one defendant: The Carl Klemm, Inc. d/b/a Klemm Tank Lines Employee Benefit Plan.

that a reasonable fact finder could return a verdict for the nonmoving party. *Id.* A court's role in summary judgment is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. at 2511.

To determine whether there is a genuine issue of material fact for trial courts construe all facts in the light most favorable to the non-moving party. *Heft v. Moore,* 351 F.3d 278, 282 (7th Cir.2003) (citation omitted). Additionally, a court draws all reasonable inferences in favor of that party. *Id.* However, the non-movant must set forth "specific facts showing that there is a genuine issue for trial" which requires more than just speculation or conclusory statements. *Id.* at 283 (citations omitted).

As an initial matter, the Court finds that plaintiff has standing to bring this action because it became an assignee when Ronald Schoelzel assigned his plan benefits to plaintiff. An assignee of benefits under an ERISA plan becomes a statutory beneficiary entitled to use 29 U.S.C. § 1132(a)(1)(B) to collect benefits due to him under the terms of his plan. *Decatur Mem'l. Hosp. v. Conn. Gen. Life Ins. Co.,* 990 F.2d 925, 927 (7th Cir.1993) (citation omitted). Accordingly, Saint Joseph's is the proper plaintiff in this action.

Plaintiff's cause of action states a claim for benefits allegedly due under an employee benefit plan governed by ERISA, *See* 29 U.S.C. § 1132(a)(1)(B). The plan provides that "[i]t is the express intent of this Plan that the Plan Administrator shall have maximum discretionary authority to construe and interpret the terms and provisions of the Plan, to make determinations regarding issues which relate to eligibility for benefits, to decide disputes which may arise relative to a Plan Participant's rights, and to decide questions of Plan interpretation and those of fact relating to the Plan." Accordingly, the plan gives defendant discretion to determine plaintiff's eligibility for benefits. The Court reviews such discretionary determinations under an arbitrary and capricious standard of review. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 111, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989). Under the arbitrary and capricious standard it is not the Court's function to decide whether defendant reached the correct conclusion or "even whether it relied on the proper authority." *Kobs v. United Wis. Ins. Co.,* 400 F.3d 1036, 1039 (7th Cir.2005) (citation omitted). The only question is whether defendant's decision was completely unreasonable. *Manny v. Cent. States, Southeast and Southwest Areas Pension and Health and Welfare Funds,* 388 F.3d 241, 243 (7th Cir.2004).

Plaintiff argues defendant failed to substantially comply with ERISA requirements when it denied plaintiff's claim for benefits. Plaintiff's arguments concern procedures followed by defendant while handling its claim for benefits. ERISA establishes certain minimum requirements for procedures and notification when a plan administrator denies a claim for benefits. *Halpin v. W.W. Grainger, Inc.,* 962 F.2d 685, 688 (7th Cir.1992). ERISA requires that "specific reasons for denial be communicated to the claimant and that the claimant be afforded an opportunity for full and fair review by the administrator." *Id.* (internal quotations marks omitted). 29 U.S.C. § 1133 sets forth procedural requirements that must be followed under ERISA. Said statute reads as follows:

> In accordance with regulations of the Secretary, every employee benefit plan shall—
> (1) provide adequate notice in writing to any participant or beneficiary whose

claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. The regulations promulgated by the Secretary require that an initial notice of a claim denial must contain:

(i) The specific reason or reasons for the adverse determination;

(ii) Reference to the specific plan provisions on which the determination is based;

(iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;

(iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review;

(v) In the case of an adverse benefit determination by a group health plan or a plan providing disability benefits,

(A) If an internal rule, guideline, protocol or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol or other criterion will be provided free of charge to the claimant upon request ...

29 C.F.R. § 2560.503–1(g). These requirements insure that when a claimant appeals a denial to the plan administrator he or she will be able to address determinative issues and have a fair chance to present his or her case. *Halpin*, at 689.

Additionally, ERISA regulations require plans to provide an internal appeals process in which every plan must "establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination." 29 C.F.R. § 2560.503–1(h)(1).

A plan's claims procedures will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review unless said procedures:

(i) Provide claimants at least 180 days following receipt of a notification of an adverse benefit determination within which to appeal the determination;

(ii) Provide for a review that does not afford deference to the initial adverse benefit determination and that is conducted by an appropriate named fiduciary of the plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal, nor the subordinate of such individual.

29 C.F.R. § 2560.503–1(h)(3)(i)(ii). Additionally, said procedures must: (1) provide claimants an opportunity to submit additional information, (2) provide that a claimant shall be provided upon request and free of charge reasonable access to and copies of all information relevant to its claim; and (3) provide a review that considers all information submitted. 29 C.F.R. § 2560.503–1(h)(2). Said regulations are designed to afford a claimant an

explanation of the denial of benefits that is adequate to ensure meaningful review of its denial. *Halpin,* at 689.

■■■ To determine whether a plan complied with applicable statutory guidelines and regulations substantial compliance is sufficient to meet ERISA requirements. *Hackett v. Xerox Corp. Long–Term Disability Income Plan,* 315 F.3d 771, 775 (7th Cir.2003) (citation omitted). Whether procedures substantially complied is necessarily a fact-intensive inquiry which is guided by the question of whether claimant was provided with a statement of reasons that allows for a clear and precise understanding of the grounds for the administrator's position sufficient to permit effective review. *Id.* While defendant's letters provided plaintiff with a statement of reasons for its denial defendant nevertheless failed to substantially comply with applicable regulations because it failed to provide for a review that does not afford deference to the initial adverse benefit determination. Accordingly, plaintiff was not provided an opportunity for a full and fair review.

Defendant through its claims processor Benistar recognized in its November 17, 2003 letter that an appeal must be a "fresh" look at plaintiff's claim without deference to its initial benefit denial. Additionally, defendant indicated plaintiff's appeal would be conducted by a person who was not involved in the initial benefit denial and it would not be conducted by a subordinate of said individual. Accordingly, defendant recognized its regulatory obligation under ERISA to provide for a full and fair review. However, there is no genuine issue of fact that Benistar initially denied plaintiff's claim and it handled plaintiff's appeal of its adverse benefit determination. Said conclusion is the result even when the Court considers the facts in the light most favorable to defendant. Ac-cordingly, even under the deferential arbitrary and capricious standard defendant's procedures failed to comply with ERISA requirements.

The November 17, 2003 letter stated that "*we* have carefully considered the information provided and applied the terms of the Plan that apply to your request. For the reasons set out below, *we* have determined that certain charges are not payable by the Plan, and accordingly, some must be denied or partially denied" (emphasis added). Defendant's November 17, 2003 letter served as plaintiff's initial adverse benefit determination and it was written by Benistar who was defendant's claims processor. Benistar also wrote the undated notice of decision on appeal letter which plaintiff received on or about March 9, 2004. Said letter stated "*We* have carefully considered all of the comments, documents, records and other information provided and applied the terms of the plan that apply to your appeal. The determinations *we* have made and the reasons for them are set out below" (emphasis added). Additionally, the word we is used on multiple occasions in text under the heading "Findings upon Review and Determination of Adjustments." For example, under item six "Respiratory Services" it states "*we* unbundled several charges" (emphasis added) and under item seven "Emergency Room" it states "*we* unbundled 2 items" (emphasis added). Accordingly, language contained within the notice of decision upon appeal letter demonstrates that only Benistar considered and reviewed plaintiff's appeal of its initial adverse benefit determination. Additionally, there is no dispute that Benistar was the entity that initially denied plaintiff's claim. Accordingly, pursuant to ERISA regulations defendant failed to provide plaintiff a reasonable opportunity for a full and fair review.

■ Plaintiff argues because defendant failed to substantially comply with ERISA requirements it is entitled to an award of $48,032.25 which is the outstanding amount of its claim for benefits. Defendant argues remand to the plan administrator is the proper remedy. Remand to the plan administrator is the proper remedy in this action considering the status quo existing between the parties prior to defendant's denial of plaintiff's claim.

■ In a case where a plan administrator failed to afford adequate procedures in its initial denial of benefits "the appropriate remedy respecting the status quo and correcting for the defective procedures is to provide the claimant with the procedures that [it] sought in the first place." *Hackett,* at 776 (*citing Wolfe v. J.C. Penney Co., Inc.,* 710 F.2d 388, 394 (7th Cir.1983)). Accordingly, if plaintiff prevails on remand before the plan administrator then it is entitled to its outstanding claim balance. However, the Court is not in a position to render a determination concerning plaintiff's entitlement to benefits. The Court cannot substitute its own judgment for that of the administrator. *Quinn v. Blue Cross and Blue Shield Ass'n.,* 161 F.3d 472, 478 (7th Cir.1998). Awarding plaintiff its outstanding claim balance would not restore the status quo because it could provide plaintiff with an "economic windfall" should it be determined that such amount is due to billing errors or overcharging (as defendant alleges) upon proper reconsideration. *Id.* Accordingly, this action is remanded to the plan administrator to provide plaintiff an opportunity for a full and fair review.

■ Finally, plaintiff argues it is entitled to an award of reasonable attorneys' fees because defendant failed to provide an explanation for its violations of both federal law and its own plan terms. Defendant argues an award of attorneys'

fees is not appropriate in this action because plaintiff failed to establish that it acted in bad faith while handling plaintiff's claim. ERISA permits a court to award a reasonable attorneys' fee to either party. *See* 29 U.S.C. § 1132(g)(1). Additionally, there is a modest presumption that a prevailing party in an ERISA action is entitled to a fee. *Hess v. Hartford Life & Accident Ins. Co.,* 274 F.3d 456, 464 (7th Cir.2001)(*citing Bowerman v. Wal–Mart Stores, Inc.,* 226 F.3d 574, 592 (7th Cir. 2000)). To determine whether an award of attorneys' fees is appropriate in an ERISA action a court must determine whether the losing party's position was substantially justified and taken in good faith or was said party simply out to harass its opponent. *Id.* (*citing Bowerman,* at 593).

■ There is no indication that defendant was simply out to harass plaintiff. Defendant's November 17, 2003 letter (authored by Benistar its claims processor) indicated it partially denied plaintiff's claim because it concluded either billing errors or overcharges had occurred. Such language demonstrates a good faith effort on defendant's part to protect its plan participants. Accordingly, an award of attorneys' fees is not appropriate in this action and plaintiff's request for attorneys' fees is denied.

### ORDER

IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that this action is REMANDED to the plan administrator to provide plaintiff an opportunity for a full and fair review. Said review can be accomplished by providing a review that does not afford deference to the initial adverse benefit determination. Accordingly, such review must be conducted by an appropriate named fiduciary of the plan

who is neither the individual who made the adverse benefit determination nor the subordinate of said individual.

IT IS FURTHER ORDERED that plaintiff's request for attorneys' fees is DENIED.