**In Sup CHOI, M.D., Plaintiff,**

**v.**

**MASSACHUSETTS GENERAL PHYSICIANS ORGANIZATION, INC.; Massachusetts General Physicians Organization, Inc. Deferred Compensation Plan II; The MGH Professional Staff Severance Plan; and Massachusetts General Hospital, Defendants.**

**No. 99–CV–10687–MEL.**

United States District Court, D. Massachusetts.

Oct. 8, 1999.

Alan K. Posner, Rubin & Rudman, Boston, MA, for Plaintiff.

Robert M. Hale, David A. Elchoness, Goodwin, Procter & Hoar, Boston, MA, for Defendants.

## *MEMORANDUM AND DECISION*

LASKER, District Judge.

In Sup Choi, M.D., asserts three claims under the Employee Retirement Income Security Act of 1974, ("ERISA"), against Massachusetts General Physicians Organization, Inc., Massachusetts General Physicians Organization, Inc. Deferred Compensation Plan II, The MGH Professional Staff Severance Plan and Massachusetts General Hospital, (collectively "MGH"). MGH moves to dismiss Count II, which alleges that MGH discriminated against Dr. Choi in violation of 29 U.S.C. § 1140, ERISA § 510, by rescinding its initial recommendation to grant an incentive bonus and by retroactively applying a claims procedure to his claim for an incentive bonus. The motion is granted.

## I.

The facts alleged in the Complaint are deemed true for the purposes of the motion. Choi is a former employee of MGH. While Choi was employed at MGH from approximately September 1992 to October 1996, he participated in the Deferred Compensation Plan. The plan provided that if a

covered employee, such as Choi, terminated his employment for any reason other than death or retirement, he would be entitled to receive a deferred bonus.

The subject of Count II is a dispute that arose in the calculation of Choi's 1996 bonus. Choi asserts that, "at the time [he] voluntarily left the employment of MGH, Dr. Thrall [Choi's supervisor] initially recommended an incentive bonus of $125,000 for that year (1996);" that, "shortly thereafter, counsel for Dr. Choi wrote a demand letter to the hospital seeking benefits under the Plan;" and that, "immediately [after the hospital received the letter], Dr. Thrall withdrew his recommendation ... later trying to justify that action on alleged concerns about Dr. Choi's non-clinical performance."

In February of 1997, after Choi had left MGH, the hospital adopted a procedure for determining claims under the plan. Before that, the plan did not contain a claims procedure. In May of 1997, Choi submitted his claim for review through the claims procedure. In July of 1997, his claim was denied. In August of 1997, he filed for further review and in October of 1997, after further review, Choi was granted a $125,000 bonus for 1996. Choi asserts that he spent $29,600 in attorney's fees prosecuting his claim through this pre-litigation administrative procedure. In Count II he seeks "restitution" of these attorney's fees.

## II.

*Section 510 of ERISA: ERISA Discrimination Claim*

Section 510 provides that:

It shall be unlawful for any person to ... discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act ..., or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.

29 U.S.C. § 1140, ERISA § 510.

MGH contends, first, that Count II should be dismissed because the it fails to state a claim under § 510 of ERISA. MGH argues that Choi's alleged discrimination claim fails because; a change in a benefit plan is not a discriminatory action; the action alleged here did not result in any harm, (he eventually received the benefits sought); and because there was no adverse affect on the employer-employee relationship (he was not an employee at the time of the alleged discrimination). The arguments are not convincing.

Count II alleges that "[b]y rescinding its initial recommendation to grant an incentive bonus to Dr. Choi for 1996 ... hastily adopting claims procedures for the Deferred Compensation Plan and in applying those claims procedures retroactively to Dr. Choi, the defendants have discriminated against Dr. Choi ... in violation of 29 U.S.C. § 1140, ERISA § 510."

■ MGH's first argument is that Choi has no claim under § 510 because he was no longer an employee when the alleged discriminatory actions occurred. It follows, according to MGH, that the alleged discriminatory actions could not have had an adverse affect on the employer-employee relationship which is "required" by the statute.

Since the enactment of ERISA, many opinions have been written on the question of whether an adverse affect on the employer-employee relationship is required to state a § 510 discrimination claim. The cases fall into two lines: those which require an adverse affect on the employer-employee relationship to state a § 510 discrimination claim[1] and those which do

---

1. See e.g., *Stiltner v. Beretta U.S.A. Corp.,* 74 F.3d 1473 (4th Cir.1996); *Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan,* 24 F.3d 1491 (3rd Cir.1994).

not.[2]

Cumulatively, these opinion cover the field and make it unnecessary to analyze the issue further. The line of cases which do not require an adverse affect to state a claim is more persuasive because the statute specifies that it is unlawful to discriminate against "participants," a term that is defined to include former employees such as Choi.[3]

■ MGH's further contention that Choi has no claim under § 510 because he received the amount that was the subject of the dispute underlying Count II, (and has therefore allegedly suffered no damage), is also unconvincing. As Choi points out; "Section 510 only requires that a participant prove that the defendant engaged in conduct for the purpose of interfering with his rights, not that the defendant's conduct actually had the effect of interfering with those rights." Section 510 specifically provides that, "it shall be unlawful for any person to ... discriminate against a participant ... for the *purpose of interfering* with the attainment of any right." 29 U.S.C. § 1140, ERISA § 510 (emphasis added). In sum, discriminatory purpose can alone constitute § 510 discrimination.[4]

■ MGH argues further, that Choi does not allege a sufficient claim of discrimination by virtue of MGH's having adopted a change in the plan. MGH contends that because it had a right, as well as a statutory obligation under ERISA, to

amend the Deferred Compensation Plan to include a claims procedure, the amendment was not discriminatory as a matter of law.

Choi responds that his claim is actionable because it is based upon the allegation that MGH purposely made changes to the plan with the intention of interfering with the attainment of his ERISA rights. The Complaint alleges that:

> [MGH] by hastily adopting claims procedures for the Deferred Compensation Plan and in applying those claims procedures retroactively to Dr. Choi, the defendants have discriminated against Dr. Choi for *the purpose of interfering* with the attainment of rights to which he is entitled under ERISA, in violation of 29 U.S.C. § 1140, ERISA § 510.

(emphasis added).

Choi's allegation that the plan was modified with the purpose of depriving him of his rights under ERISA states a § 510 discrimination claim. *Aronson v. Servus Rubber, Div. of Chromalloy*, 730 F.2d 12, 16 (1st Cir.1984) (holding that such a claim is cognizable under § 510).[5]

## III.

*Section 502 of ERISA: Relief Available Under ERISA-*

■ MGH argues that Count II should be dismissed because Choi seeks a remedy not available under the statute. ERISA remedies are limited to those spec-

---

**2.** *See e.g., Mattei v. Mattei*, 126 F.3d 794 (6th Cir.1997).

**3.** The relevant language of § 510 provides that, "it shall be unlawful for any person to ... discriminate against a participant ...." Under ERISA, the term "participant" means, "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7).

**4.** *See Roush v. Weastec, Inc.*, 96 F.3d 840 (6th Cir.1996); *Kowalski v. L & F Prods.*, 82 F.3d 1283 (3rd Cir.1996).

**5.** In dismissing the plaintiff's claims, the First Circuit commented: "This is not to say that a plan could not be discriminatorily modified, intentionally benefitting, or injuring, certain identified employees or a certain group of employees." *Aronson* at 16. *See also, Vartanian v. Monsanto Co.*, 880 F.Supp. 63, 71 (D.Mass.1995) (holding that a claim for purposeful discrimination based on a modification of an ERISA plan stated a claim under § 510).

ified in § 502. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985). The only reference in § 502 of ERISA to the award of attorney's fees is in § 502(g) which provides in relevant part that, "in any *action* under this subchapter ... the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1) (emphasis added).

■ Choi does not contend that his attorney's fees from the plan's administrative procedure fall under this provision. The word "action" in § 502(g) refers only to proceedings in a court.[6] Section 502(g) does not authorize an award of attorney's fees for services rendered in an administrative proceeding such as Choi seeks here. *Cann v. Carpenters' Pension Trust Fund for Northern California*, 989 F.2d 313 (9th Cir.1993) (holding that courts are authorized under § 502(g) to award attorney's fees only for court proceedings).

Choi does argue that he is entitled, under a separate provision of the act, § 502(a)(3), to "restitution" of his attorney's fees. However, as the statute is construed by the United States Supreme Court, attorney's fees may not be awarded as restitution. Section 502(a)(3) reads in relevant part:

> [A civil action may be brought] by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of the subchapter or the terms of the plan;

29 U.S.C. § 1132(a)(3), ERISA § 502(a)(3).

In *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), the Supreme Court interpreted the meaning of the term "appropriate equitable relief" as used in § 502(a)(3). In that case, a class of former employees sued their plan's actuary for damages under § 502(a)(3) claiming the actuary's knowing participation in their fiduciary's breach of duty. The Court held that, even in the context of a breach of trust, relief under § 502(a)(3) is limited to "remed[ies] traditionally viewed as 'equitable,' such as injunction or restitution ... [and] preclude[s] awards for compensatory or punitive damages." *Id.* at 255, 113 S.Ct. 2063 (citations omitted). Although, the Court noted that, "at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust," *Id.* at 256, 113 S.Ct. 2063, it nevertheless held that a suit for money damages under trust law could not be viewed as equitable relief within the meaning of the statute.

Given the Court's limited reading of the term "appropriate equitable relief" in *Mertens*, Choi's contention that his claim for attorney's fees essentially seeks equitable "restitution" is unfounded. In *Mertens*, despite the close connection between trust law and equity, the Court rejected the argument that relief was available under § 502(a)(3). Unlike the breach of trust claim in *Mertens*, no close connection between discrimination claims, such as the one made by Choi, and equity exists that could potentially justify a ruling that the relief sought is available under § 502(a)(3). To rule that Choi is entitled to relief would be irreconcilable with *Mertens*.

Even if the difference between a breach of trust and a discrimination claim were not determinative, Choi's claim for "restitution" would fail. MGH argues that notwithstanding Choi's characterization of his claim as "restitution," it is apparent from the Complaint that he seeks compensatory

---

**6.** In interpreting statutory attorney's fees provisions, the Supreme Court has distinguished between those provisions that grant attorney's fees for "any action" and those that grant fees for "any action or proceeding." Only under this later type of provision has the Court held that attorney's fees for administrative proceedings are available. *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 61, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980).

damages which are not allowable under the statute as construed by *Mertens*. MGH relies upon several authorities that have held that a restitutionary award focuses on the defendant's wrongfully obtained gain while a compensatory award focuses on the plaintiff's loss at the defendants hands.[7] MGH argues that because Choi does not allege, nor could he allege, that MGH gained anything by initially denying his claim, he does not state a claim for equitable restitution under § 502(a)(3).

MGH also relies on the First Circuit's opinion in *Armstrong v. Jefferson Smurfit Corp.*, 30 F.3d 11, 13 n. 5 (1st Cir.1994). In *Armstrong,* the plaintiffs sued their plan's administrator and former employer for recovery of taxes paid under § 502(a)(3) claiming that the administrator and former employer's breach of fiduciary duty resulted in the plaintiff's tax liability. The First Circuit held that the recovery of taxes, which it classified as a claim for compensatory damages, was not "appropriate equitable relief" under § 502(a)(3). On appeal, the plaintiffs argued for the first time that their claim constituted an equitable claim for restitution. In summarily dismissing the claim as waived, the First Circuit explained that, "this argument is highly dubious; the tax payments at issue would seem to be completely distinct from any ill-gotten profits which might properly be made subject to a viable restitution claim." MGH contends, that in this case, Choi's attorney's fees are distinct from such ill-gotten profits and no viable claim for restitution can be made.

Choi asserts[8] that he seeks restitution in order to restore the pre-discrimination status quo. He relies on Professor Moore's definition of equitable restitution that; "in equity, restitution is usually thought of as a remedy by which defendant is made to disgorge ill-gotten gains or to restore the status quo, or both." 5 James WM. Moore ET AL., *Moore's Federal Practice* ¶ 38.24[2], 206. Choi also argues that *Armstrong* is distinguishable because it did not deal with claims brought under ERISA's anti-discrimination statute, but with claims for breach of trust.

Choi's distinction is irrelevant. *Armstrong* is an authoritative analysis of the meaning of the term "restitution" as used in § 502(a)(3) and as interpreted by *Mertens.* The First Circuit's determination did not depend on the provision of ERISA under which a claim for restitution was made. The short answer to Choi's second argument is that the First Circuit's interpretation of *Mertens* trumps Moore's analysis which, in any event, is not focused on ERISA, much less § 502(a)(3).

MGH's Motion to Dismiss Count II of the Complaint with prejudice is granted.

It is so ordered.

---

**7.** MGH correctly cites in support of this position; Dan B. Dobbs, Law of Remedies § 4.1(1), at 369–71 (Abr. 2nd ed.1993); *Landwehr v. DuPree,* 72 F.3d 726, 735 (9th Cir. 1995); *Rogers v. Hartford Life and Accident Ins. Co.,* 167 F.3d 933, 944 (5th Cir.1999); *Rogers v. Loether,* 467 F.2d 1110, 1121 (7th Cir.1972); *Kerr v. Vatterott & Co.,* 1999 U.S.App. LEXIS 15513 (8th Cir.1999) (to be reported at 184 F.3d 938 (8th Cir.1999)).

**8.** In his Complaint Choi asks for damages. (Complaint, ¶ 52). In the face of the Defendant's Motion to Dismiss, Choi belatedly changed the remedy that he sought to restitution. Choi's explanation was, in full, that, "notwithstanding the fact that Choi inadvertently used the word 'damages' in ¶ 52 of the Complaint and in the Request for Relief 'C,' Choi seeks *restitution* to address the harm that he suffered as a result of the defendants' discriminatory conduct." (Plaintiff's Opp., n. 4) (emphasis in original). Even assuming that Choi was allowed to amend his complaint to claim "restitution", for the reasons stated above no relief could be granted.