Terry L. MIZZELL, Plaintiff–Appellee,

v.

PROVIDENT LIFE & ACCIDENT IN-SURANCE CO; Genex Services, Inc.; Kathleen Delahanty, R.N. Defendants.

and

The Paul Revere Life Insurance Company, Defendant–Appellant.

No. 00–56858.

D.C. No. CV–98–6083–RAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2002.

Decided March 18, 2002.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Before PREGERSON, FISHER, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Defendant–Appellant Paul Revere Life Insurance Company ("Paul Revere") ap-

peals the District Court's award of attorney's fees and expenses to Plaintiff–Appellee Terry L. Mizzell ("Mizzell") in his ERISA action for recovery of long-term disability insurance benefits. The District Court concluded that Paul Revere had abused its discretion and remanded the case to the plan administrator for a new determination of Mizzell's claim. In addition, the District Court awarded Mizzell $181,251.22 in attorney's fees and expenses. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM the award of attorney's fees and expenses with the exception of $3,900 improperly awarded for the retention and use of a bad faith expert.

### I.

We review for abuse of discretion a district court's decision to award or deny attorney's fees in an ERISA action, as well as a district court's determination of the amount of reasonable attorney's fees. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir.2000). Under that standard, "this court cannot reverse unless it has a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Tucor Int'l, Inc.*, 238 F.3d 1171, 1175 (9th Cir.2001). We, however, review *de novo* any elements of legal analysis and statutory interpretation involved in an attorney fees decision. *Associated Gen. Contractors v. Smith*, 74 F.3d 926, 931 (9th Cir. 1996).

### II.

ERISA provides that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9TH CIR. R. 36–3.

party." 29 U.S.C. § 1132(g)(1). We have held that "[a]s a general rule, ERISA employee plaintiffs should be entitled to a reasonable attorney's fee 'if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Smith v. CMTA–IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir.1984) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980), we laid out five factors and stated that courts should consider those factors among others to determine whether to award fees under ERISA.

### III.

■ Paul Revere argues that the award of attorneys fees was "premature" because the District Court did not award any benefits to Mizzell but merely remanded the case to the plan administrator for a new determination of Mizzell's claim. But Mizzell "succeed[ed] on [a] significant issue in litigation," i.e., whether Paul Revere abused its discretion in denying Mizzell's claim, which "achieve[d] some of the benefit [Mizzell] sought in bringing suit," i.e., to obtain a full and fair review of his claim. *Smith*, 746 F.2d at 589. Therefore, unless the analysis of the *Hummell* factors reveals that the "general rule" we announced in *Smith* is inapplicable in the present case, Mizzell is "entitled to a reasonable attorney's fee." *Smith*, 746 F.2d at 589.[1]

### IV.

Paul Revere further argues that the District Court abused its discretion in applying the *Hummell* factors. The District Court considered each of the five *Hummell* factors and determined that each of them weighed in favor of awarding attorney's fees to Mizzell. "This court need only look for an abuse-of-discretion and neither the record nor the briefs reveal such an abuse." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1235–36 (9th Cir.2000). Because there are no grounds for "a definite and firm conviction that the district court committed a clear error of judgment," there are no grounds to reverse. *Tucor Int'l*, 238 F.3d at 1175.

### V.

■ Paul Revere finally argues that the District Court erred in awarding Mizzell $3,900 incurred through the retention and use of a bad faith expert. We observed in *Downey Cmty. Hosp. v. Wilson*, 977 F.2d 470 (9th Cir.1992), that "expert witness fees are not recoverable in a federal civil rights action except as provided in 28 U.S.C. § 1920" and held that the same rule applies in the ERISA context. *Downey*, 977 F.2d at 474. 28 U.S.C. § 1920 provides in relevant part that "[a] judge or clerk of any court of the United States may tax as costs the . . . [c]ompensation of court appointed experts . . . ," but does not

---

1. We have recognized in the past that an award of attorney's fees may be appropriate under the circumstances of this case. In *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449 (9th Cir.1995), we held that "interim attorney's fees are available under ERISA to the extent that they are available under civil rights statutes." *Id.* at 1469. In *Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust*, 3 F.3d 1246 (9th Cir.1993), we implied that an attorney's fee award may be appropriate where a plaintiff has *either* "established a right to benefits, [ ]or [as in the present case]

shown that the Plan or its fiduciaries have violated ERISA." *Id.* at 1253 (emphasis added). And in *White v. Jacobs Engineering Group Long Term Disability Benefit Plan*, 896 F.2d 344 (9th Cir.1989), we awarded attorney's fees after remanding to the plan administrator for adjudication on the merits of plaintiff's long-term disability benefits claim. *Id.* at 352 (noting that "[s]ince no special circumstances which would warrant deviation from th[e] rule [announced in *Smith*, 746 F.2d at 589] exist in this case, appellant is entitled to attorney fees").

provide for the taxation of costs of the compensation of non-court-appointed experts. Mizzell conceded at oral argument that the bad faith expert at issue here was not court appointed. We therefore reduce the award of $181,251.22 by $3,900 to $177,351.22.

The award of attorney's fees and expenses is AFFIRMED with the exception of $3,900 improperly awarded for the retention and use of a bad faith expert. To the extent that a revised judgment must be entered, we VACATE and REMAND for the limited purpose of entering judgment in favor of Mizzell in the amount of $177,351.22.