Dr. Julie COLBY, Plaintiff

v.

ASSURANT EMPLOYEE BENEFITS, Fortis Benefits Insurance Company, Management Company for Merrimack Anesthesia Associates Long Term Disability Plan, and Union Security Insurance Company, Defendants.

Civil Action No. 07–11488–RCL.

United States District Court, D. Massachusetts.

July 22, 2009.

Mala M. Rafik, Alyssa A. Yenikomshian, Rosenfeld & Rafik, PC, Boston, MA, for Plaintiff.

Joshua Bachrach, Wilson Elser Moskowitz Edelman & Dicker, LLP, Philadelphia, PA, Edward S. Rooney, Jr., Eckert Seamans Cherin & Mellott, LLC, Boston, MA, Gary N. Stewart, Rawle & Henderson LLP, Harrisburg, PA, for Defendants.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

## I. INTRODUCTION

The plaintiff, Dr. Julie Colby ("Dr. Colby") filed suit against the defendants, Assurant Employee Benefits, Fortis Benefits Insurance Company, Management Company for Merrimack Anesthesia Associates Long Term Disability Plan, and Union Security Insurance Company (collectively "USIC"), to recover long-term disability ("LTD") benefits she claims that USIC denied her in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). On February 23, 2009, ruling on the parties' cross motions for judgment on the record, this Court held that USIC violated ERISA by arbitrarily and capriciously terminating Dr. Colby's benefits. *Colby v. Assurant Employee Benefits,* 603 F.Supp.2d 223, 245 (D.Mass.2009) ("Opinion"). This Court entered judgment in favor of Dr. Colby, remanded Dr. Colby's claim for benefits to USIC for "additional proceedings consistent with [its] opinion," and awarded Dr. Colby reasonable attorney's fees and costs

"incurred from July 26, 2005, the date of USIC's termination of Dr. Colby's benefits, until the present." *Id.* at 247.

In accordance with the Court's Opinion, Dr. Colby submitted a motion for attorney's fees and costs. (Doc. No. 32.) USIC filed an opposition to Dr. Colby's motion and a motion for reconsideration of the Court's initial decision to award Dr. Colby attorney's fees and costs. (Doc. No. 36.)

For the reasons discussed below, the Court awards Dr. Colby attorney's fees and costs in the amount of $39,477.36. The Court also grants USIC's motion for reconsideration to modify the Court's Opinion to reflect the Court's conclusion that an ERISA plaintiff may not recover attorney's fees and costs expended while pursuing pre-litigation administrative appeals.[1] In all other respects, the Court denies USIC's motion for reconsideration.

## II.  ANALYSIS

In its February Opinion, the Court awarded attorney's fees and costs to Dr. Colby pursuant to ERISA § 502(g)(1), codified at 29 U.S.C. § 1132(g)(1), which provides that "[i]n any action under [ERISA § 1132] . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Court decided to exercise its discretion and award attorney's fees and costs *sua sponte*, without the benefit of briefing from either party. In its opposition to Dr. Colby's motion for attorney's fees and costs and in its own motion for reconsideration, USIC presents three primary arguments against awarding all or part of the fees and costs requested by Dr. Colby. First, USIC suggests that, because the only relief secured in this liti-

gation by Dr. Colby was a court-ordered remand to USIC for reconsideration of her LTD benefits claim, Dr. Colby is not a "prevailing party," and thus is not entitled to fees or costs. Second, USIC claims that the Court improperly applied the First Circuit's five-factor test for determining whether to award fees and costs under ERISA. Finally, USIC asserts that even if it was within the Court's discretion to award fees and costs to Dr. Colby, ERISA does not permit the recovery of fees and costs expended in pre-litigation administrative appeals.

### A.   In the First Circuit, Only a "Prevailing Party" Is Eligible to Recover Attorney's Fees and Costs Under ERISA § 1132(g)(1).

■ Before considering these arguments, the Court must first address a question not briefed by either of the parties: whether an ERISA plaintiff must be a "prevailing party" in order to be eligible for an award of attorney's fees and costs. Unlike other fee shifting statutes, ERISA does not contain any explicit requirement that a party prevail in order to be eligible to recover attorney's fees and costs. *Compare* 29 U.S.C. § 1132(g)(1) (permitting award of fees and costs to "either party"), *with* 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce a provision of [various civil rights statutes], the court, in its discretion, may allow the *prevailing party* . . . a reasonable attorney's fee as part of the costs . . . .") (emphasis added), 28 U.S.C. § 2412(d)(1)(A) (Equal Access to Justice Act) ("Except as otherwise specifically provided by statute, a court shall award to a *prevailing party* other than the United States fees and other expenses . . . unless the court finds that the position of

---

**1.**  The Court earlier, on May 20, 2009, denied the motion without opinion. Upon further reflection, that order was in error. The Court corrects that error herein.

the United States was substantially justified or that special circumstances make an award unjust.") (emphasis added), *and* 42 U.S.C. § 3613(c)(2) (Fair Housing Act) ("[T]he court, in its discretion, may allow the *prevailing party*, other than the United States, a reasonable attorney's fee and costs.") (emphasis added).

The First Circuit has not directly addressed whether only a prevailing ERISA party is eligible for an award of fees and costs. Nonetheless, the First Circuit has consistently read section 1132(g)(1) as limiting recovery of fees and costs to prevailing parties. *See Doe v. Travelers Ins. Co.*, 167 F.3d 53, 61 (1st Cir.1999) ("Naturally, [awards under section 1132] are normally for the prevailing party, *if at all*, and are based on rather general considerations such as fault, ability to pay, deterrence, and the like.") (emphasis added); *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 225–26 (1st Cir.1996) (assuming that only a "prevailing plaintiffs and prevailing defendants" can recover fees and costs under ERISA); *Gray v. New England Tel. & Tel. Co.*, 792 F.2d 251, 258 (1st Cir.1986) (holding that the five-factor balancing approach for determining whether

a court should exercise its discretion to award fees and costs in an ERISA action "is the appropriate one to be applied regardless of which party *prevails*") (emphasis added).[2] Other courts within the First Circuit, reading the tea leaves, have concluded that the First Circuit has read a prevailing party requirement into section 1132(g)(1). *See Rhode Island Carpenters Annuity Fund v. Trevi Icos Corp.*, 533 F.Supp.2d 246, 254 n. 7 (D.R.I.2008) (citing *Cottrill*, 100 F.3d at 225, and explaining that "[c]ourts have ... tended to limit awards to prevailing parties"); *Kerkhof v. MCI WorldCom, Inc.*, 204 F.Supp.2d 74, 75 (D.Me.2002) ("The ERISA attorney fee statute at issue here does not use the term 'prevailing party,' but the First Circuit seems to have incorporated that requirement as a precondition to recovery...."); *Bertaux v. Dreyfus Trust Co.*, No. CIV.A. 99–10815–GAO, 2002 WL 389300, at *1 n. 1 (D.Mass. Mar. 12, 2002) (O'Toole, J.) (assuming that it was not within the court's discretion to award fees and costs to a non-prevailing ERISA defendant). Although this Court, along with many others throughout the nation,[3] believes that Con-

**2.** Courts from other circuits have suggested that *Doe, Cottrill*, and *Gray* can be read in such a manner that they do not limit awards of fees and costs to prevailing parties. *See e.g., Gibbs v. Gibbs*, 210 F.3d 491, 502 (5th Cir.2000) (characterizing *Doe* as "implying that [ERISA] awards for non prevailing parties are contemplated by § 1132(g)(1)"); *McKay v. Reliance Standard Life Ins. Co.*, —— F.Supp.2d ——, ——, 2009 WL 537197, at *4 (E.D.Tenn.2009). In particular, they seize on the above-quoted language in *Doe*, where the First Circuit explained that "[n]aturally, [awards under section 1132] are normally for the prevailing party, if at all, and are based on rather general considerations as fault, ability to pay, deterrence and the like." *Doe*, 167 F.3d at 61. They view the use of the word "normally" as an indication that a non-prevailing party might be eligible for a fee award in an extraordinary situation. This Court concludes that the first clause of that sen-

tence, interpreted in its entirety, compels the opposite conclusion. Both the use of the word "naturally" and the phrase "if at all" seem to modify the word "normally" such that the only plausible reading of the sentence is as follows: an award of fees and costs under 1132 is available, if it all, to a prevailing party. This interpretation is in accord with *Cottrill* and *Gray*, which reject any presumption in favor of awarding fees and costs to a prevailing party, and most certainly do not hold that non-prevailing parties may be eligible for fees and costs.

**3.** There is "a significant split of authority between—and within—federal appeals courts on whether § 1132(g)(1) requires a party to prevail for a fee award...." *McKay*, —— F.Supp.2d at ——, 2009 WL 537197, at *2. Those courts that have recognized the split of authority do not interpret the conflicting deci-

gress' failure to include any "prevailing party" language in section 1132(g)(1) evinces an intent to allow non-prevailing parties to recover fees and costs, this Court must, of course, abide by the law of this Circuit. Accordingly, it is only within this Court's discretion to award attorney's fees and costs to Dr. Colby if she is a prevailing party.

## B. Dr. Colby Is a Prevailing Party.

USIC argues that, because the Court remanded Dr. Colby's LTD claim to USIC for reconsideration and did not hold that Dr. Colby was entitled to LTD benefits, Dr. Colby is not a prevailing party. Dr. Colby claims that she "prevailed in each claim submitted in her complaint." (Doc. No. 33, at 16–17.) As the Court will explain, the reality lies somewhere in the middle.

■■■ The term "prevailing party" is a "legal term of art." *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Within the First Circuit, in order to prevail, "a party must show ... a 'material alteration of the legal relationship of the parties'...." *Aronov v. Napolitano*, 562

F.3d 84, 89 (1st Cir.2009) (quoting *Buckhannon*, 532 U.S. at 604, 121 S.Ct. 1835).[4] A plaintiff satisfies this standard "[i]f [he or she] succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (holding that a party prevails when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying defendant's behavior in a way that directly benefits the plaintiff"); *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) (holding that a plaintiff must "receive at least some relief on the merits of his claim before he can be said to prevail").

Although the general contours of the prevailing party doctrine are well established, its application to this case is not simple. Neither the First Circuit nor any district court within the circuit has ever considered whether a plaintiff like Dr. Colby—who secured a remand to her plan administrator for reconsideration of her benefits claim after persuading the district court that the plan administrator violated ERISA—is a prevailing party.[5] Courts in

sions in a uniform manner. *See Gibbs*, 210 F.3d at 501–503 (rejecting a prevailing party requirement and concluding that the Fourth and Seventh Circuits require a party prevail in order to be eligible to recover fees and costs, while the First, Second, Third, Ninth, Tenth, and Eleventh Circuits potentially permit an award of fees and costs to a non-prevailing party); *McKay*, —— F.Supp.2d at ——–——, 2009 WL 537197, at *2–5 (concluding that the Fourth and Tenth Circuits clearly embrace a "prevailing party" requirement, that the Second and Eleventh Circuits plainly reject that standard, and that the First, Fifth, and Seventh Circuits have conflicting authority on the issue); *see also* Eric C. Surette, Annotation, *Requirement that Party Prevail to Obtain Attorney's Fees under § 502(g) of ERISA*, 172 A.L.R. Fed. 571 (2001) (con-

cluding that courts in the Fourth Circuit clearly embrace a "prevailing party" requirement, that courts in the Second, Third, Sixth, and Eleventh Circuits clearly permit recovery of fees and costs to non-prevailing parties, and that courts in the First, Fifth, Seventh, Ninth, and Tenth Circuits have produced conflicting authority).

**4.** A party must also show a "'judicial imprimatur on the change.'" *Aronov*, 562 F.3d at 89 (quoting *Buckhannon*, 532 U.S. at 605, 121 S.Ct. 1835). Here, the "judicial imprimatur" prong is not at issue.

**5.** Judge Stearns deemed a plaintiff to be a prevailing party where he found that the plaintiff was entitled to benefits and only remanded the case to the plan administrator to

other circuits have split almost evenly on the issue.

On one side of the ledger, courts from the Second, Third, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have concluded that an ERISA plaintiff who secures a remand to the plan administrator can be a prevailing party and may be entitled to an award of fees and costs.[6] An unpublished

calculate the amount owed to the plaintiff. *Giannone v. Metropolitan Life Ins. Co.*, 311 F.Supp.2d 168, 179 (D.Mass.2004) (Stearns, J.). *Giannone* clearly differs from the case at bar, in which this Court has made no determination about Dr. Colby's entitlement to benefits.

**6.** *See Mizzell v. Provident Life and Accident Ins. Co.*, 32 Fed.Appx. 352, 354 (9th Cir.2002) (explaining that where district court "remanded the case to the plan administrator for a new determination of [the plaintiff's] claim," the plaintiff may be entitled to fees and costs); *Miller v. United Welfare Fund*, 72 F.3d 1066, 1074 (2d Cir.1995) (ordering that district court remand the case to the plan administrator for redetermination, ordering that district court reconsider grant of attorney's fees, insinuating that plaintiff may not be a prevailing party, but also stating that "[t]he district court may in fact determine that Miller is the prevailing party to the extent that her motion for summary judgment claimed that the Fund's denial was arbitrary and capricious"); *McKay*, —— F.Supp.2d at ——, 2009 WL 537197, at *5 (holding that a remand for further consideration by the plan administrator constituted "some degree of success such that an award of fees could be— but at this stage, is not necessarily—reasonable"); *Moskalski v. Bayer Corp.*, No. 2:06–cv– 568, 2008 WL 3914273, at *1 (W.D.Pa. Aug. 25, 2008) ("Although I ordered remand rather than benefits, Plaintiff prevailed on his central claim that Defendants' conduct was wrongful."); *Garner v. United States West Disability Plan*, No. 05–cv–00116–PSF–BNB, 2007 WL 3046188, at *2 (D.Colo. Oct. 16, 2007) (stating, in dicta, that ERISA plaintiff whose claim was remanded to plan administrator because administrator "failed to make adequate findings with respect to plaintiff's alleged mental condition in discontinuing her benefits" was a "prevailing party"); *Soltysiak v. Unum Provident Corp.*, 480 F.Supp.2d 970, 974 (W.D.Mich.2007) (holding that where "Plaintiff obtained a reversal of Defendant's denial of benefits and an order requiring Defendant to conduct a full and fair review of Plaintiff's disability claim," where "there were serious flaws in the decision-making process, and ...

there was evidence of bad faith and a lack of substantial justification for the Plan's position," that it was within the court's discretion to award fees and costs to the plaintiff); *Elliott v. Metropolitan Life Ins. Co.*, No. 04–174– DLB, 2007 WL 1558519, at *2 (E.D.Ky. May 29, 2007) (holding that, where court finds plan administrator acted arbitrarily and capriciously by failing to provide a reasoned denial explanation, "Plaintiff is undoubtedly the prevailing party ... as the standard attached to Defendant's decision was arbitrary and capricious—a standard it did not meet"); *Zenone v. Alltel Corp.*, No. 4:02CV00800 GH, 2007 WL 473697, at *3 (E.D.Ark. Feb. 8, 2007) (holding that where court found "that the plan administrator failed to adequately consider plaintiff's extensive medical history and relied on erroneous information from his employer regarding his ability to work thereby necessitating a remand for consideration of additional evidence," the plaintiff "obtained a favorable ruling" and was a "prevailing party"); *MacLeod v. Procter & Gamble Disability Benefit Plan*, No. 3:05CV725 (MRK), 2007 WL 141956, at *1 (D.Conn. Jan. 18, 2007) (holding that "[i]t is not premature to award Plaintiff the reasonable attorneys' fees and costs he incurred in obtaining a ruling that the categorical military exclusion—which Defendants relied on in summarily denying Plaintiff disability benefits—is not consistent with the clear and unambiguous terms of the Proctor & Gamble Disability Benefit Plan" but also explicitly noting that section 1132(g)(1) has no prevailing party requirement); *Mardirossian v. Guardian Life Ins. Co. of Am.*, 457 F.Supp.2d 1038, 1041–44 (C.D.Cal.2006) (holding that a determination by the court that defendant plan administrator violated ERISA, even if a remand is the only relief afforded, makes a plaintiff a prevailing party); *St. Joseph's Hosp. of Marshfield, Inc. v. Carl Klemm, Inc.*, 459 F.Supp.2d 824, 834 (W.D.Wis.2006) (assuming that plaintiff who received remand to plan administrator was prevailing party, but denying fees and costs on grounds that defendant acted in good faith and did not set out simply to harass plaintiff).

opinion from the Ninth Circuit, *Mizzell v. Provident Life and Accident Insurance Co.*, 32 Fed.Appx. 352, 354 (9th Cir.2002), typifies this vein of thought. The plaintiff in *Mizzell* was identically situated to Dr. Colby, in that the district court concluded that the plan administrator abused its discretion, remanded the case to the plan administrator for a new determination of benefits eligibility, and awarded attorney's fees and costs to the plaintiff. Relying on a common-sense, plain language reading of the Supreme Court's "prevailing party" precedents, the *Mizzell* court concluded that the plaintiff " 'succeed[ed] on [a] significant issue in litigation,' i.e., whether [the plan administrator] abused its discretion in denying [the plaintiff]'s claim, which 'achieve[d] some of the benefit [the plaintiff] sought in bringing suit,' i.e., to obtain a full and fair review of his claim." *Id.* (quoting *Smith v. CMTA–IAM Pension Trust,* 746 F.2d 587, 589 (9th Cir.1984) (quoting *Hensley,* 461 U.S. at 433, 103

S.Ct. 1933)). Put somewhat differently, these courts conclude that where a court holds that a defendant violated ERISA and remands a case to the plan administrator for a redetermination of benefits eligibility, *and* the plaintiff sought a redetermination as potential relief, the plaintiff is a prevailing party. *See Mardirossian v. Guardian Life Ins. Co. of Am.,* 457 F.Supp.2d 1038, 1041–44 (C.D.Cal.2006).

In stark contrast, other decisions from courts in the Second, Fourth, Sixth, Seventh, and Tenth Circuits have held that, in some or all circumstances, a court-ordered remand does not make a plaintiff a prevailing party with respect to ERISA § 1132(g)(1). These courts generally reason that plaintiffs file this type of ERISA suit seeking only an award of benefits; and that unless the plaintiff is ultimately awarded benefits, either by the plan administrator (on remand) or the court, the plaintiff cannot be said to have prevailed.[7]

---

7. *See e.g., Quinn v. Blue Cross and Blue Shield Ass'n,* 161 F.3d 472, 478–79 (7th Cir.1998) ("While Quinn may be a 'prevailing party' in that she will have her case remanded, she is not a prevailing party in the truest sense of the term.... Should Quinn ultimately succeed in her claim and be awarded benefits, she will then have the benefit, as the prevailing party, of the modest presumption that she is entitled to reasonable attorney's fees."); *Weddell v. Retirement Comm. of Whirlpool Prod. Employees Ret. Plan,* No. 3:07 CV 0006, 2008 WL 343137, at *3 (N.D.Ohio Feb. 5, 2008) (holding that plaintiff's motion for attorney's fees was not "ripe" where court "found a procedural defect that arose out of Defendant's misconstruing and misapplying its ERISA Plan's appeals process" and remanded the case to the plan administrator for additional proceedings; court had "not established the propriety of an award of attorney fees" and "ha[d] not rendered a decision on the merits of Defendant's denial of Plaintiff's benefits request"); *Viglietta v. Metropolitan Life Ins.,* No. 04 Civ.3874 LAK, 2005 WL 5253336, at *13 (S.D.N.Y. Sep. 2, 2005) (denying parties' cross-motions for summary judgment, remanding the case to the plan

administrator for further proceedings because plan administrator's denial of benefits was arbitrary and capricious, but denying plaintiff's motion for attorney's fees because "[a]lthough Plaintiff has been successful in securing a remand, he has not prevailed on his motion for summary judgment, and he is not yet the 'prevailing party in the truest sense of the term' ") (quoting *Quinn,* 161 F.3d at 479); *Kroll v. Prudential Ins. Co. of Am.,* No. 103CV1603SEBVSS, 2005 WL 1865509, at *18–19 & n. 26 (S.D.Ind. Aug. 4, 2005) (ordering remand to the plan administrator for purely "procedural" ERISA violations relating to the insufficiency of a denial letter, administratively closing the case with leave to reopen within 30 days of decision on remand, and delaying ruling on attorney's fees and costs until decision on remand); *Rekstad v. First Bank System, Inc.,* No. 97–N–1315, 1999 WL 33263930, at *2–3 (D.Colo. July 6, 1999) (denying motion for attorney's fees filed by plaintiff who secured court-ordered remand, holding that plaintiff was not a prevailing party because she "had not yet achieved 'some of the benefit' she sought nor has she yet 'directly benefit[ed]' " (quoting *Hensley,*

For example, in *Quinn v. Blue Cross and Blue Shield Association,* the most influential and quoted of the decisions holding that a court-ordered remand does not make a plaintiff a prevailing party, the plaintiff succeeded in persuading the district court that her LTD plan administrator violated ERISA by arbitrarily and capriciously terminating her LTD benefits. As a remedy the district court-ordered that the claim be remanded to the plan administrator for reconsideration, and granted the plaintiff's motion for attorney's fees and costs. The Seventh Circuit affirmed the finding of an ERISA violation, but reversed the award of fees and costs, reasoning that

> "[w]hile Quinn may be a 'prevailing party' in that she will have her case remanded, she is not a prevailing party in the truest sense of the term.... Should Quinn ultimately succeed in her claim and be awarded benefits, she will then have the benefit, as the prevailing party, of the modest presumption that she is entitled to reasonable attorney's fees."

*Id.* at 478–79.

■ This Court could parse these two lines of cases in order to identify some grounds on which they can be distinguished, and thus reconciled. At base, however, the existence of a large number of intra-circuit splits in authority[8] underscores the extent to which courts have simply applied the Supreme Court's "prevailing party" doctrine in different ways to materially similar circumstances. The stark disagreements in this area, as well as the absence of a pronouncement from the First Circuit, leads this Court to conclude that it would be unwise to adopt a bright-line rule, i.e. that a court-ordered remand to the plan administrator always or never makes an ERISA plaintiff a prevailing party. Instead, in accordance with the discretion granted to district courts by section 1132(g)(1), the Court holds that an ERISA plaintiff who secures a court-ordered remand *may* be a prevailing party. To determine whether Dr. Colby is a prevailing party, the Court will overlay the Supreme Court's and First Circuit's various definitions of the term "prevailing party" on the relief requested by Dr. Colby (in her complaint and her motion for judgment on the record) and the relief afforded to her by the Court. When this exercise is complete, it becomes clear that Dr. Colby is, in fact, a prevailing party.

■ At the most basic level, this Court's Opinion unquestionably established that Dr. Colby was the "winner" in her suit against USIC. The Court granted Dr. Colby's motion for judgment on the record, denied USIC's cross motion for judgment on the record, and entered judgment in favor of Dr. Colby. *Colby,* 603 F.Supp.2d at 247. On the merits, this Court held that USIC violated ERISA by arbitrarily and capriciously denying Dr.

461 U.S. at 433, 103 S.Ct. 1933 and citing *Quinn* )); *Marsteller v. Life Ins. Co. of N. Am.,* No. Civ. A. 96–0015–C, 1997 WL 403235, at *2 (W.D.Va. July 9, 1997) ("Here, because plaintiff only will have the ERISA claim remanded to the plan administrator, he has not yet prevailed on the merits. Thus, it would be premature to award attorney's fees at this stage in the litigation.").

**8.** *Compare Quinn,* 161 F.3d at 478–79 (8th Cir.) (holding that plaintiff who secured court-ordered remand was not a prevailing party), *Rekstad,* 1999 WL 33263930, at *2–3 (D.Colo.) (same), *Weddell,* 2008 WL 343137, at *3 (N.D.Ohio) (same), *and Viglietta,* 2005 WL 5253336, at *13 (S.D.N.Y.) (same), *with St. Joseph's Hosp.,* 459 F.Supp.2d at 834 (W.D.Wis.) (assuming that plaintiff who secured court-ordered remand was a prevailing party), *Garner,* 2007 WL 3046188, at *2 (D.Colo.) (same), *Soltysiak,* 480 F.Supp.2d at 974 (W.D.Mich.) (same), *and MacLeod,* 2007 WL 141956, at *1 (D.Conn.) (same).

Colby benefits "on the grounds that [her] LTD plan does not cover future risk generally or treats physical and psychological future risks differently, absent language allowing such distinctions...." *Id.* at 245. As relief, this Court ordered, *inter alia,* that "Dr. Colby's claim for long term disability benefits [be] remanded to USIC for additional proceedings consistent with th[e] Opinion." *Id.* at 247. The Court ordered a remand to USIC, rather than an outright award of benefits, because "[w]here a denial of a claim is based on an unreasonable interpretation of an ERISA policy's language, generally, the appropriate remedy is a remand to the plan administrator for a reevaluation under the proper interpretation." *Id.* at 246 (citing *King v. Hartford Life & Accident Ins. Co.,* 414 F.3d 994, 1005 (8th Cir.2005) (en banc); *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan,* 85 F.3d 455, 460–61 (9th Cir.1996)).

The Opinion satisfies all of the prevailing party tests adopted by the Supreme Court and First Circuit. Dr. Colby received "at least some relief on the merits of [her] claim," *Richardson v. Miller,* 279 F.3d 1, 3 (1st Cir.2002) (quoting *Hewitt,* 482 U.S. at 760, 107 S.Ct. 2672), as this Court held that USIC's arbitrary and capricious review of Dr. Colby's LTD claim constituted a substantive violation of ERISA. The Opinion "materially alter[ed] the legal relationship between the parties by modifying the defendant's behavior," *Boston's Children First v. City of Boston,* 395 F.3d 10, 15 (1st Cir.2005) (quoting *Farrar,* 506 U.S. at 111–12, 113 S.Ct. 566), in at least two ways. USIC now (1) has a legal obligation to reexamine Dr. Colby's claim for benefits, and, in doing so, (2) must utilize a definition of disability that includes risk of relapse into drug abuse as a covered sickness. Finally, although the Court did not grant Dr. Colby her preferred form of relief (an outright award of

LTD benefits), she did "achieve some of the benefit [she] sought in bringing suit." *De Jesus Nazario v. Morris Rodriguez,* 554 F.3d 196, 199 (1st Cir.2009) (quoting *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933).

On this last point, USIC argues, with some force, that the Court's Opinion did not grant Dr. Colby any of the relief that she prayed for in her complaint. In her First Amended Complaint, Dr. Colby requested that the Court:

(1) Declare, adjudge and decree that Dr. Colby is entitled to ongoing long-term disability benefits as calculated under the terms of the Plan.

(2) Award Dr. Colby the full amount of unpaid benefits under the Plan to which she is entitled, together with such prejudgment interest as may be allowed by law.

(3) Order that Defendants make restitution to Dr. Colby in the amount of any losses sustained by Dr. Colby in consequence of the wrongful conduct alleged herein, together with prejudgment interest.

(4) Award Dr. Colby the costs of this action and reasonable attorneys' fees; and

(5) Awards such other relief as the court deems just and reasonable.

(Doc. No. 3, at 19.) Noticeably absent from that list is any request for the Court to invalidate USIC's termination of her benefits and to remand her claim back to USIC for reexamination. This Court holds, however, that Dr. Colby achieved some of the relief that she sought in bringing her lawsuit in two distinct ways. First, Dr. Colby's prayer for "such other relief as the court deems just and reasonable" easily incorporates the court-ordered remand granted by the Court. Second, Dr. Colby's motion for judgment on the record explicitly asks, *inter alia,* that the

Court "set aside Defendants [sic] decision to terminate Dr. Colby [sic] benefits under the Plan . . . ," (Doc. No. 16, at 25; *see also* Dr. Colby's Combined Opp'n Def. Mot. Summ. J. & Reply Br., Doc. No. 24, at 20), the exact relief granted by the Court. Accordingly, this Court holds that Dr. Colby "achieve[d] some," but not all, "of the benefit [she] sought in bringing suit," and thus is a prevailing party.

## C. Dr. Colby Is Entitled to Reasonable Attorney's Fees and Costs

Because Dr. Colby is a prevailing party, it falls within this Court's discretion to award her reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(1). In the Court's previous Opinion, the Court carefully applied the First Circuit's five-factor test for determining the propriety of a fee award in an ERISA case, concluding that an award was justified under the circumstances of this suit. *See Colby*, 603 F.Supp.2d at 246–47. In its motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure, USIC asks this Court to revisit its conclusion that Dr. Colby is entitled to attorney's fees and costs.[9] As the preceding discussion demonstrates, USIC has presented no grounds upon which the Court should reverse its initial decision. The Court's prior Opinion granting Dr. Colby fees is not "void," and USIC has put forward no other "reason that justifies relief." Fed.R.Civ.P. 60(b)(4) & (6). Thus, the Court will not disturb its original determination that Dr.

Colby is entitled to reasonable attorney's fees and costs.

## D. The Lodestar Calculation

■ Having held that Dr. Colby is entitled to reasonable attorney's fees and costs, the Court must calculate the appropriate amount. Where a fee shifting provision does not provide a method for calculating fees and costs, as with section 1132(g)(1), the First Circuit has "customarily found it best to calculate fees by means of the [lodestar] time and rate method." *Tennessee Gas Pipeline v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994). "The lodestar is determined by multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure." *De Jesus Nazario v. Morris Rodriguez*, 554 F.3d 196, 207 (1st Cir.2009). "In calculating the lodestar estimate, only hours that were 'reasonably expended on the litigation ought be included.' " *Radford Trust v. First Unum Life Ins. Co. of Am.*, 399 F.Supp.2d 3, 10 (D.Mass.2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

In total, Dr. Colby requests $47,396.40 in attorney's fees and costs. Of that total, $45,622.50 is attorney's fees ($6,655.00 "for resolution of the internal appeal", $35,472.50 for "the District Court proceedings," and $3,495.00 "in pursuit of this fee petition") and $1,773.90 is costs ($1,264.04 "for the administrative appeal" and $509.86

---

9. Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.
   Fed.R.Civ.P. 60(b).

"for the District Court proceedings"). USIC raises only a single objection [10] to Dr. Colby's calculations: that fees and costs accrued during the pre-litigation administrative appeals are not recoverable under section 1132(g)(1).

1. **Attorney's Fees and Costs Accrued Pursuing Pre-litigation Administrative Appeals Are Excluded from Section 1132(g)(1).**

Although it is a question of first impression in the First Circuit as to whether a prevailing ERISA party is ever entitled to recover fees and costs incurred during pre-litigation administrative proceedings, *see Giannone v. Metropolitan Life Ins. Co.*, No. Civ.A.02–11119–RGS, 2004 WL 1588310, at *2 (D.Mass. July 16, 2004) (Stearns, J.), the answer does not appear to be much in doubt. All seven of the circuit courts that have considered this issue have concluded that the phrase "any action" in section 1132(g)(1) excludes pre-litigation administrative proceedings. *See Kahane v. UNUM Life Ins. Co. of Am.*, 563 F.3d 1210, 1215 (11th Cir.2009) ("We join these other circuits in holding that § 1132(g)(1) does not authorize awards for work done in pre-litigation administrative proceedings."); *Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 313 (3d Cir.2008) ("[W]e agree with our sister circuits, and conclude that the fees incurred during administrative proceedings prior to filing suit are unavailable under 29 U.S.C. § 1132(g)."); *Parke v. First Reliance Std. Life Ins. Co.*, 368 F.3d 999, 1011 (8th Cir. 2004) ("We join the Second, Fourth, Sixth, and Ninth Circuits in holding that the term 'any action' in 29 U.S.C. § 1132(g)(1) does not extend to pre-litigation administrative proceedings."); *Rego v. Westvaco Corp.*, 319 F.3d 140, 150 (4th Cir.2003) ("[W]e agree with our sister circuits that

have held ERISA's attorney's fees to be categorically unavailable for expenses incurred while exhausting administrative remedies."); *Peterson v. Continental Cas. Co.*, 282 F.3d 112, 121 (2d Cir.2002) ("[B]oth the text of § 1132(g)(1) and cases interpreting that provision lead to the conclusion that ERISA authorizes the award only for fees incurred in relation to a suit filed in a court of competent jurisdiction."); *Anderson v. Procter & Gamble Co.*, 220 F.3d 449, 456 (6th Cir.2000) ("[E]RISA does not authorize recovery of attorneys' fees for work performed during the administrative exhaustion phase of a benefits proceedings."); *Cann v. Carpenters' Pension Trust Fund for N. Cal.*, 989 F.2d 313, 316 (9th Cir.1993) ("We construe [§ 1132(g)(1) ] as limiting the award to fees incurred in the litigation in court."). No circuit court has held otherwise.

ERISA's language and legislative intent strongly support these courts' conclusions. The term "action," particularly when utilized in a statute, "traditionally connotes a formal adversarial proceeding under the jurisdiction of a court of law." *Peterson*, 282 F.3d at 119–20 (quoting the definition of "action" from Black's Law Dictionary, Ballentine's Law Dictionary, and Webster's Third New International Dictionary). Further, Congress has indicated explicitly in other fee-shifting statutes when it intends to provide courts with the discretion to grant fees for pre-litigation administrative proceedings. For example, with respect to Title VII, "Congress' use of the broadly inclusive disjunctive phrase 'action or proceeding' indicates an intent to subject the losing party to an award of attorney's fees and costs that includes expenses incurred for administrative proceedings." *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 61, 100 S.Ct. 2024,

---

**10.** USIC does not challenge the hourly rate submitted by Dr. Colby's attorneys or the amount of hours Dr. Colby's attorney's expended on litigation.

64 L.Ed.2d 723 (1980). As the Second Circuit noted, "[a]lthough not dispositive, . . . the text of ERISA contains no similar reference to 'proceedings,' providing strong evidence that Congress did not intend ERISA to have as broad a reach as Title VII." *Peterson,* 282 F.3d at 120; *see also Hahnemann Univ. Hosp.,* 514 F.3d at 313 (recognizing the distinction between Title VII and ERISA's fee shifting statutes). Finally, a number of courts have expressed concern that permitting awards for pre-litigation fees and costs would undermine ERISA's purpose. For allowing the recovery of pre-litigation fees might "[e]ncourag[e] plans to pay questionable claims in order to avoid liability for attorneys' fees. . . ." *Cann,* 989 F.2d at 317.

With one exception, discussed below, the courts of this district have followed the lead of the above-cited circuit court decisions and excluded costs accrued in pre-litigation administrative proceedings from the fees and costs recoverable under ERISA. *See Giannone,* 2004 WL 1588310, at *2 ("Until the First Circuit considers the issue, I will follow the lead of other federal circuits who have unanimously concluded that 'ERISA attorney's fees [are] categorically unavailable for expenses incurred while exhausting administrative remedies.'" (quoting *Rego,* 319 F.3d at 149–50)); *Doe v. Raytheon Co.,* No. Civ.A. 00–12545–RWZ, 2002 WL 1608279, at *2 (D.Mass. July 19, 2002) (Zobel, J.) ("Under ERISA, this court may award fees and costs '[i]n any action' brought pursuant to the statute. Courts have read this as applying to court actions only, and not administrative proceedings such as plaintiff's underlying appeal."); *Choi v. Massachusetts Gen. Physicians Org., Inc.,* 66 F.Supp.2d 251, 255 (D.Mass.1999) (Lasker, J.) ("Section 502(g) does not authorize an award of attorney's fees for services ren-

dered in an administrative proceeding such as Choi seeks here.").

Dr. Colby points the Court to a footnote in *Hedley–Whyte v. Unum Life Ins. Co. of Am.,* No. CIV. A. 94–11731–GAO, 1996 WL 208492 (D.Mass. Mar. 6, 1996), in which Judge O'Toole held that fees and costs incurred during pre-litigation administrative proceedings might be recoverable by a prevailing party. Discussing *Cann,* Judge O'Toole found the Ninth Circuit's

> strict exclusion of prelitigation expenses to be a questionable interpretation of the statutory language. While . . . an 'action' usually denotes formal proceedings in a court of justice rather than an administrative proceeding, the words 'in any action' appear to state the occasion for fee-shifting, rather than a limitation on the amount of the fees to be shifted. . . . Thus, if the present case had concluded before suit were ever filed, Unum might be correct that a court could not award fees or costs. This Court can identify no sound reason, however, based on the statutory language, why a court lacks discretion to award fees and costs for work appropriately contributing to the prosecution of the action just because they were incurred prior to the filing date.

*Id.* at *4 n. 5. Judge O'Toole's non-binding reading of section 1132(g)(1), rendered in 1996, predates all but one of the seven circuit court cases holding to the contrary. The clear development of the law places his interpretation well outside of the mainstream of ERISA jurisprudence.

This Court joins the Second, Third, Fourth, Sixth, Eighth, Ninth and Eleventh Circuits in holding that ERISA's fee shifting provision does not permit the award of fees and costs for pre-litigation administrative appeals.[11] Time spent re-

---

**11.** The Court expresses no opinion whether

Dr. Colby may recover attorney's fees and

searching and drafting the complaint, however, is "properly considered as part of the litigation in the District Court, even though it occurred prior to filing." *Hahnemann Univ. Hosp.*, 514 F.3d at 314 n. 10; *see Peterson*, 282 F.3d at 121 n. 5 (holding that prevailing ERISA plaintiff was "entitled to collect a reasonable amount for fees and costs incurred in initiating suit in the District Court.").

This conclusion requires this Court to slightly modify its February 23, 2009 Opinion. The Opinion provided that "USIC shall pay Dr. Colby for the reasonable attorneys' fees and costs incurred from July 26, 2005, the date of USIC's termination of Dr. Colby's benefits, until the present." *Colby*, 603 F.Supp.2d at 247. Quite obviously, the Opinion would permit Dr. Colby impermissibly to recover fees and costs from her pre-litigation administrative appeals. To reflect the Court's conclusion that such fees and costs are not available under ERISA, the Court now modifies the Opinion to permit Dr. Colby to recover only those fees and costs accrued in direct pursuance of the instant litigation. Accordingly, the Court grants Dr. Colby attorney's fees in the amount of $38,967.50 plus costs and expenses of $509.86, for a total of $39,477.36.

## III. CONCLUSION

For the reasons discussed above, the Court awards Dr. Colby attorney's fees and costs in the amount of $39,477.36. The Court grants USIC's motion for reconsideration, to the extent necessary to modify the Court's February 23, 2009 Opinion to reflect the Court's conclusion that an ERISA plaintiff may not recover attorney's fees and costs expended while pursuing pre-litigation administrative appeals.

In all other respects, the Court denies USIC's motion for reconsideration.

SO ORDERED.

costs accrued pursuing administrative remedies on remand.